UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

Eastern District of Kentucky
**FILED**

JUL 0 6 2009

AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

CIVIL ACTION NO. 08-01-KKC

PHILLIP DARRELL SPARKMAN, et al.,                                   PLAINTIFFS

v.                               **OPINION AND ORDER**

RANDY THOMPSON, Individually,
RANDY THOMPSON, In his capacity as
Judge Executive of Knott County, Kentucky,                          DEFENDANT

* * * * * * *

This matter is before the Court on Defendant's Motion to Stay [R. 35]. For the following

reasons, Defendant's motion is DENIED.

Defendant moves this Court to stay all proceedings and deadlines in this case until the

conclusion of his related criminal case, *U.S. v. Thompson, et al.*, 7:07-CR-35-GVTH, (filed Nov.

29, 2007 E.D.Ky.), which is currently on appeal to the Sixth Circuit. Defendant requests the stay

because, in his view, he cannot adequately defend this civil action without relinquishing his Fifth

Amendment right not to incriminate himself in the related criminal case. Both cases involve

Defendant's politically motivated activities surrounding the 2006 election for Knott County

Judge Executive.

**I. Background**

In the criminal case, Defendant was indicted, tried, convicted, and sentenced on one count

of aiding and abetting the misappropriation of federal funds and one count of conspiracy to

misappropriate federal funds and buy votes. *U.S. v. Thompson, et al.*, 7:07-CR-35-GVTH,

Indictment, R. 3, Jury Verdict, R. 165, Judgment, R. 242. Defendant bought votes for his

1

campaign by paving private driveways and building bridges on private land at public expense.

During trial, Plaintiff Ralph Dyer testified that he was laid off for complaining about allegedly

improper road work being performed by the county. [R. 36, Attach. #1]. He also testified that he

and other employees were laid off because of their political support for Defendant's opponent.

[Id.].

In this civil action, Plaintiffs allege that they suffered wrongful and retaliatory discharges

because of their "campaigning and other expressive actions" in support of Defendant's opponent

as well as their decisions to vote for Defendant's opponent in the Knott County Judge Executive

election. [R. 1]. Although the complaint alleges that Defendant, through his agents, "coerced,

threatened, and pressured" Plaintiffs to vote for him in the upcoming election, the complaint

makes no reference to any of the illegal conduct described in the indictment. [Id.].

Discovery in this case is almost complete. Shortly before Defendant filed this motion,

Magistrate Judge Atkins issued an order confirming all deadlines, which includes the now-

expired discovery deadline set for June 1, 2009. [R. 33]. A jury trial is currently scheduled for

December 7, 2009. [R. 19].

## II. Analysis

"While nothing in the Constitution requires a civil action to be stayed in the face of a

pending or impending criminal indictment, a court still has broad discretion in determining

whether to stay a civil action while a criminal action is pending or impending." *Chao v.*

*Fleming*, 498 F. Supp. 2d 1034, 1037 (W.D. Mich. 2007). "Courts are afforded this discretion

because the denial of a stay could impair a party's Fifth Amendment privilege against

self-incrimination, extend criminal discovery beyond the limits set forth in Federal Rule of

Criminal Procedure 16(b), expose the defense's theory to the prosecution in advance of trial, or otherwise prejudice the criminal case." *Trustees of the Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc.*, 886 F. Supp. 1134, 1138 (S.D.N.Y. 1995). "A stay of the civil case, however, is an extraordinary remedy." *Id.* at 1139.

When considering whether to grant a stay, courts consider and balance a number of factors, including: "1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest." *Id.* After considering these factors, the Court declines to stay this case pending the outcome of Defendant's appeal.

## A. The Overlap Between the Civil and Criminal Case

While there is some overlap between the civil and criminal cases, the overlap is not so significant as to warrant the extraordinary relief Defendant seeks. Both cases involve Defendant's politically motivated activities before and after the election. Additionally, evidence that Defendant minimized interference with his illegal road and bridge work by firing employees certainly supports the government's theory of the case. However, the specific conduct for which Defendant was convicted relates exclusively to the illegal bridge and road work, not his allegedly discriminatory and retaliatory firing practices. While evidence of Defendant's employment decisions may have aided the government's case, it was not central to the criminal case as it is in this civil case. Neither the indictment nor the jury instructions mention Defendant's employment decisions, and the civil complaint does not address Defendant's illegal road and bridge work.

3

Moreover, the legal issues involved in a criminal vote buying case differ from those presented in a civil employment case. These factors distinguish this case from cases such as *Transworld Mech.*, where defendants faced both civil and criminal liability for the same conduct under the same fraud-based legal theories. *Id.* at 1138. Accordingly, the overlap between the factual and legal issues in Defendant's criminal and civil cases does not warrant the extraordinary relief sought.

## B. The Status of the Criminal Case

For several reasons, the status of Defendant's criminal case weighs strongly against granting a stay because Defendant has already been tried, convicted, and sentenced. First, because Defendant has already challenged the government's case in trial, he knows exactly how the government intends to prove his guilt and he is exceedingly able to avoid making incriminating statements that might be used against him if retried. Also, absent a waiver of his Fifth Amendment privilege, he has only a minimal concern that civil discovery will aid the criminal prosecution because the government has already assembled all the evidence needed for a conviction. Finally, since Defendant's criminal case is currently on appeal, the possibility and timing of a retrial remains speculative at best. Unlike pre-trial requests for a stay, the Speedy Trial Act provides Plaintiffs no assurance that Defendant's criminal case will be resolved quickly.

## C. Private Interests

All plaintiffs have a legitimate interest in the expeditious resolution of their case. Plaintiffs in this case also had a legitimate expectation that discovery would soon be complete. Defendant has a substantial interest in preserving his Fifth Amendment privilege against self-

4

incrimination. Although competing, these interests can be reconciled without granting a stay of this case.

In this civil action, Defendant first raised his Fifth Amendment concerns in his motion for a protective order filed in anticipation of his deposition. The matter was addressed by U.S. Magistrate Judge Atkins, who determined that while Defendant can assert his Fifth Amendment privilege in this proceeding, he must do so under oath and in response to specific questions. In this motion, Defendant raises the same fundamental issues raised before, and the Court responds with the same answer. Defendant will not be compelled to waive his Fifth Amendment privilege against self-incrimination. However, he cannot simply make a blanket assertion of that privilege. *See In re Morganroth*, 718 F.2d 161, 167 (6th Cir. 1983). Rather, he must assert the privilege under oath and in response to specific questions. Further, because Defendant bears the "burden of establishing the foundation of the privilege beyond his mere 'say so,'" *Id.* at 170, he must advise the Court of his grounds for asserting the privilege.[1] By properly asserting his privilege, Defendant can protect his interests without indefinitely delaying Plaintiffs' case.

**D. Other Considerations**

The remaining factors do not weigh strongly for or against granting the stay in this case. The Court's interest is minimal. Because Defendant has already faced his criminal trial and the civil case largely focuses on different conduct, resolution of the criminal case will not likely narrow or refine the scope of this case. The Court faces the same judicial task regardless, and a stay would simply put off until tomorrow what is scheduled for today. Finally, while the public

---

[1]As all discovery related matters have been referred to Magistrate Judge Atkins, the parties should contact his chambers with questions regarding how to proceed with discovery in this case.

5

certainly has a strong interest in the just and accurate resolution of cases as Defendant argues, that interest is no more significant in this case than in any other case in which a party asserts the Fifth Amendment privilege against self-incrimination.

**III. Conclusion**

For the reasons stated, Defendant's Motion to Stay [R. 35] is HEREBY DENIED.

Dated this 6th day of July, 2009.



Signed By:
*Karen K. Caldwell*
United States District Judge

6