UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at PIKEVILLE

CIVIL ACTION NO. 08-cv-01-KKC

PHILLIP DARRELL SPARKMAN and
RALPH DYER                                                                                          PLAINTIFFS

v.            **MEMORANDUM OPINION AND ORDER**

RANDY THOMPSON, Individually and in
his Capacity as JUDGE-EXECUTIVE of
Knott County, Kentucky                                                                         DEFENDANTS

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on a Motion *in Limine* Regarding the Collateral Source Rule (Rec. 83) filed by Plaintiffs Phillip Darrell Sparkman and Ralph Dyer. This motion has been fully briefed and is ripe for a decision. For the reasons set forth below, the Court will grant the motion in part and deny the motion in part. Ultimately, the Court will not permit the Defendant to reduce damages owed to Plaintiffs under either their federal or state law claims by amounts they have received as unemployment benefits, but will allow the Defendant to use Plaintiffs' receipt of unemployment benefits for other purposes, such as affirmative defenses**.**

I.    **BACKGROUND**

Plaintiffs have filed the instant motion *in limine* prohibiting the Defendants from introducing any evidence, presenting any argument, eliciting any testimony or otherwise making any comment or allusion to any possible collateral source payments received by the Plaintiffs, including workers compensation, disability payments, social security benefits and/or

unemployment compensation after their discharge from the Knott County government. This motion focuses on Plaintiffs' receipt of unemployment benefits.

## II. FEDERAL LAW CLAIMS

With regard to Plaintiffs' political patronage claims under federal law, it is clear that the collateral source rule bars reducing the amount of their recovery by unemployment benefits that they received.

Under federal law, "the collateral source rule is a substantive rule of law that bars a tortfeasor from reducing damages owed to a plaintiff by the amount of recovery the plaintiff receives from sources that are collateral to the tortfeasor." *Hamlin v. Charter Township of Flint*, 165 F.3d 426, 435 (6th Cir. 1999) (quoting *Jackson v. City of Cookeville*, 31 F.3d 1354, 1359 (6th Cir. 1994)). In *Conklin v. Lovely*, 834 F.2d 543 (6th Cir. 1987), a political discharge case, the Sixth Circuit indicated that as a general rule "unemployment benefits are not deducted from back pay awards in an unlawful discharge case." *Id.* This issue has also been considered in other illegal discharge cases. For example, in *Hamlin v. Charter Township of Flint*, 165 F.3d 426 (6th Cir. 1999), an employee sued his employer claiming that his termination as assistant fire chief violated the Americans with Disabilities Act. *Id.* at 428. One of the issues considered on appeal was whether the district court erred by deducting collateral source benefits from the jury's damages award for the discrimination claim. *Id.* at 433. The Sixth Circuit explained that:

> [a]pplying the collateral source rule in the employment discrimination context prevents the discriminating employer from avoiding liability and experiencing a windfall, and also promotes the deterrence function of discrimination statutes.

*Id.* at 434. As a result, the Sixth Circuit reversed the district court's decision offsetting Hamlin's pension benefits. *Id.* at 435.

2

The collateral source rule was also considered by the Sixth Circuit in *Thurman v. Yellow Freight Sys., Inc.*, 90 F.3d 1160 (6t Cir. 1996). In *Thurman*, the district court determined that the defendant employer discriminated against Thurman by failing to hire him as a full time employee because of his race. *Id.* at 1164. However, the district court deducted unemployment and worker's compensation benefits from the back pay that was awarded. *Id.* at 1170. In reviewing that decision, the Sixth Circuit explained that

> unemployment compensation is paid not to discharge an obligation of the employer, but to carry out the social policies of the state. Thus, unemployment benefits are collateral benefits which the district court should disregard in making its award . . . .

*Id.* In light of these considerations, the Sixth Circuit reversed the trial court's deduction of unemployment benefits from the back pay award and remanded for recalculation. *Id.* at 1171.

Upon consideration of the foregoing authority, the Court finds that the collateral source rule applies to Plaintiffs' federal law claims of patronage dismissal and Defendant Thompson is prohibited from introducing evidence or arguing that any damages awarded on these federal law claims should be offset or reduced by amounts Plaintiffs received as unemployment benefits. *See Hamlin*, 165 F.3d at 433.

### III. STATE LAW CLAIMS

The collateral source issue also arises with regard to Plaintiffs' state law claims. Given that the collateral source rule is a substantive rule, Kentucky law governs over whether the rule bars the introduction into evidence of unemployment benefits received by the Plaintiffs to reduce their recovery. Defendant Thompson argues that, with regard to the state law claims, any damages recovered should be reduced by the unemployment benefits the Plaintiffs have received. In support of this argument, Defendant relies principally on *Hardaway Management Co. v.*

3

*Southerland*, 977 S.W.2d 910, 918 (Ky. 1998).

In *Southerland*, the Supreme Court of Kentucky considered an argument by an employer that it should receive a credit against a judgment in favor of its employee for worker's compensation benefits that the employee had received. *Id.* at 918. The Court first noted the strong public policy in Kentucky against double recovery for the same element of a loss, but then indicated that the collateral source rule is an exception to that policy. *Id.* The Court explained that the basis for this exception is that the wrongdoer should not benefit from insurance obtained by the injured third party for his own protection, but recognized that this rationale begins to break down when the wrongdoer obtains the insurance that paid the worker's compensation benefits. *Id.* (citing *Taylor v. Jennison, Ky.*, 335 S.W.2d 902, 903 (1960)).

In considering whether the collateral source rule applied to workers' compensation benefits, the Supreme Court of Kentucky recognized that the issue was one of first impression. *Id.* Based on its review of federal case law, the Court found that "workers' compensation benefits which represent compensation for lost wages may be deducted from a back pay award, but those which represent reparation for a permanent physical injury are not deductible." *Id.* (citations omitted). Finding the reasoning of the federal authorities persuasive, the Supreme Court of Kentucky held that the employer should have been permitted to offset temporary total disability benefits that the employee had received against the amount of the judgment. *Id.* at 918-19.

Plaintiffs distinguish *Southerland* based on the fact that the case involved workers compensation and disability benefits, whereas the present case involves unemployment benefits. In addition, Plaintiffs assert that workers compensation and disability benefits present different

policy and evidentiary justifications for admissibility than do unemployment benefits. Plaintiffs claim that the most relevant aspect of *Southerland*, for purposes of this case, is the Supreme Court of Kentucky's willingness to look to federal authorities for guidance in resolving collateral source issues in discrimination cases.

The Court agrees with Plaintiffs that *Southerland* is not controlling in this case because *Southerland* does not involve unemployment benefits. Unemployment benefits are "intended to bridge the gap between losing one job through no fault of the employee until the next job can be obtained." *Brownlee v. Commonwealth*, 287 S.W.3d 661, 665 (Ky. 2009). Unemployment legislation was enacted "for the compulsory setting aside of unemployment reserves to be used for the benefit of persons unemployed through no fault of their own . . . as part of a national plan of unemployment compensation and social security." *Barnes v. Hall*, 146 S.W.2d 929 (Ky. 1940).

While the issue whether unemployment benefits are subject to the collateral source rule has not been addressed directly, the Supreme Court of Kentucky has considered whether the Kentucky Unemployment Commission is permitted to recoup unemployment benefits from employees who were subsequently awarded back pay benefits for the same time period. *Gatliff Coal Co. v. Anderson*, 814 S.W.2d 564 (Ky. 1991). In determining that recoupment was impermissible, the Court explained that:

> [t]here is no double recovery because unemployment benefits are intended to provide relatively short term assistance to the unemployed while back wage payments are the result of a judgment. . . . The employees were not unjustly enriched by the receipt of both unemployment benefits and back pay. The payments to the employees were not made to discharge any liability but to carry out the policy of social benefit for the entire state. No consideration has been or should be given to collateral losses to reimburse the employees for lost earnings and the ordering of both benefits does not make the employees more

than whole as that phrase has been understood and applied.

*Id.* at 567.

This Court has also considered the Supreme Court of Kentucky's willingness to look to federal authorities for guidance in the proper application of the collateral source rule in other discrimination cases. As noted in this Court's discussion of Plaintiffs' federal law claims, the collateral source rule would preclude reducing a damages award by unemployment benefits that Plaintiffs have received. With regard to Plaintiffs' state law claims, the Court finds the federal authorities persuasive. Thus, the Court finds that the collateral source rule also applies to Plaintiffs' state law claims and Defendant Thompson is prohibited from introducing evidence or arguing that any damages awarded on these state law claims should be offset or reduced by amounts Plaintiffs received as unemployment benefits.

Despite the foregoing findings, the Court will permit the Defendant to use Plaintiffs receipt of unemployment benefits for other purposes, such as affirmative defenses. If necessary, will issue a limiting instruction as to the appropriate consideration and application of the evidence.

## IV. CONCLUSION

For the reasons set forth above:

(1) Plaintiffs' Motion *in Limine* Regarding the Collateral Source Rule (Rec. 83) is **GRANTED IN PART** and **DENIED IN PART** as follows:

    (a) Plaintiffs' Motion is **GRANTED** to the extent that Defendant Thompson is prohibited from introducing evidence or arguing that any damages awarded on either the federal or state law claims should be offset or

6

reduced by amounts Plaintiffs received as unemployment benefits; and

    (b)    Plaintiffs' Motion is **DENIED** in all other respects.

(2)    Furthermore, the parties are hereby put on notice to bring their calendars to the hearing set for September 14, 2010, for the purpose of determining suitable pretrial and trial dates.

This 9th day of September, 2010.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge