UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

CIVIL ACTION NO. 08-cv-01-KKC

PHILLIP DARRELL SPARKMAN and
RALPH DYER                                                                                      PLAINTIFFS

v.                          **MEMORANDUM OPINION AND ORDER**

RANDY THOMPSON, Individually and in
his Capacity as JUDGE-EXECUTIVE of
Knott County, Kentucky                                                                      DEFENDANTS

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on a Motion to Bifurcate (DE 104) filed by Plaintiffs Phillip Darrell Sparkman and Ralph Dyer. This motion has been fully briefed and is ripe for a decision. For the reasons set forth below, the Court will grant the motion in part and deny the motion in part.

**I.     BACKGROUND**

As the record reflects, Plaintiff Dyer was laid off from his employment with Knott County on March 9, 2007. (DE 49, Exh. 4, Letter). On August 24, 2007, Dyer obtained a release from his doctor to return to work with no restrictions. (DE 49, Exh. 6). Dyer subsequently resumed working for the county as an animal catcher in October 2007. (DE 48, Depo. of Dyer at 138). However, Dyer was laid off for a second time in November 2007 because of apparent budget shortcuts. (DE 51, Exh. 15, Letter). In his complaint, Plaintiff Dyer claims that the March 9, 2007 layoff violated federal and state law, entitling him to damages. (DE 1).

As the Defendant correctly points out, there were no allegations contained in Plaintiffs' complaint concerning the November 2007 layoff of Plaintiff Dyer. (DE 1). Defendant takes the position that the November 2007 layoff of Plaintiff Dyer is not properly before the Court as a cause of action in this matter and seeks to prohibit Plaintiffs from amending their complaint to add such a

cause of action. Alternatively, Defendant requests that if the Court allows Plaintiff Dyer to amend his complaint to assert a cause of action regarding the November 2007 layoff, that the trial of this matter be bifurcated.

III. ANALYSIS

The Federal Rules of Civil Procedure provide for a liberal system of notice pleading. *See* Fed. R. Civ. P. 8(a). The Rules "do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *E.E.O.C. v. J.H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir. 2001) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Furthermore, this Court must construe the pleadings "liberally in order to prevent errors in draftsmanship from barring justice to litigants." *Ritchie v. United Mine Workers of Am.*, 410 F.2d 827, 833 (6th Cir. 1969). That being said, the Sixth Circuit reminds us that "[o]nce a case has progressed to the summary judgment stage . . . 'the liberal pleading standards . . . are inapplicable.'" *Tucker v. Union of Needletrades, Industrial and Textile Employees*, 407 F.3d 784, 788 (6th Cir. 2005).

Applied to the facts of this case, the Court agrees with the Defendant that the Plaintiffs' complaint did not properly state a separate cause of action based upon the November 2007 layoff of Plaintiff Dyer. (DE 1). Moreover, given that this case has progressed beyond the summary judgment stage (DE 94), the liberal pleading standards that Plaintiffs cite are inapplicable. Therefore, the Court will order that Plaintiff Dyer is prohibited from amending his complaint to add a separate cause of action based on the November 2007 layoff. Given that ruling, the Court will deny the Defendant's request to bifurcate the trial of this matter.

That being said, however, the Court finds that the November 2007 layoff, which has been

disclosed extensively in discovery, is admissible evidence as to the Defendant's intent with respect to the alleged discriminatory acts against Plaintiff Dyer. Furthermore, the Court is aware that the Defendant may attempt to argue that Plaintiff Dyer's potential damages arising out of the March 2007 layoff are cut off as of the time he returned to work in October 2007; however, if Plaintiff Dyer can introduce relevant evidence that the rehiring was merely a subterfuge relating to the overall intent of the Defendant, the Court recognizes that a jury instruction which includes damages beyond the November 2007 termination may be appropriate.

IV. **CONCLUSION**

For the reasons set forth above:

(1) Defendant's Motion to Bifurcate (DE 104) is **GRANTED IN PART** and **DENIED IN PART** as follows:

    (a) Defendant's Motion is **GRANTED** to the extent that Plaintiff Dyer is prohibited from amending his complaint to add a separate cause of action based on the November 2007 layoff; and

    (b) Defendant's Motion is **DENIED** to the extent that it seeks to bifurcate the trial of this matter.

(2) Furthermore, the Court finds that the November 2007 layoff, which has been disclosed extensively in discovery, is admissible evidence as to the Defendant's intent with respect to the alleged discriminatory acts against Plaintiff Dyer.

This 16th day of September, 2010.



**Signed By:**
*Karen K. Caldwell*
**United States District Judge**