UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at PIKEVILLE

CIVIL ACTION NO. 08-cv-01-KKC

PHILLIP DARRELL SPARKMAN and
RALPH DYER                                                                                  PLAINTIFFS

v.                              **OPINION AND ORDER**

RANDY THOMPSON, Individually and in
his Capacity as JUDGE-EXECUTIVE of
Knott County, Kentucky                                                                      DEFENDANTS

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on the defendant's Motion *in Limine* to Exclude the Proposed Testimony of Larry Lynch (DE 113). The motion has been fully briefed and is ripe for a decision. For the reasons set forth below, the Court will deny the defendant's motion.

The plaintiffs intend to offer Mr. Lynch as an expert on damages in this case. Specifically, Mr. Lynch is expected to testify about the plaintiffs' lost back pay, including fringe benefits, as well as the value of front pay, discounted to present value.[1]

In his motion to exclude Lynch's testimony, the defendant does not argue that Mr. Lynch is unqualified as an expert under the Federal Rules of Evidence. In fact, at the September 14, 2010 motions hearing, defense counsel conceded that Mr. Lynch would be qualified to testify and doubted that there would be a need for a *Daubert* hearing. Further, the defendant agrees that the plaintiffs would be entitled to back pay, including fringe benefits, if they are successful in pursuing their claims. *See Rasimas v. Michigan Dept. of Mental Health*, 714 F.2d 614, 626 (6th Cir. 1983). However, the defendant makes two arguments in support of his motion.

---

[1] Mr. Lynch prepared a written report regarding his calculations (DE 113, Attach. 1), but after the Plaintiffs indicated at the September 14, 2010 motions hearing that they do not intend to offer the report as an exhibit at trial, the Court excluded its introduction (DE 123).

First, the defendant argues that determining the amount of back pay to which the plaintiffs may be entitled is "simple math and requires no specialized scientific, technical, or other specialized knowledge to make the determination." (DE 113). Second, the defendant argues that back pay is the only potential remedy available and the plaintiffs should not offer testimony on the issue of front pay. The Court considers each of these arguments in turn.

First, the Court rejects the defendant's argument that determining back pay is simple math. As the defendant acknowledges, any applicable back pay award would include the salary, sick leave, vacation pay, pension benefits, and other fringe benefits that the plaintiffs would have received but for the alleged discrimination. *See Rasimas*, 714 F.2d at 626. The Court agrees with the plaintiffs that Mr. Lynch's calculations regarding the value of the numerous extra-salary components of back pay constitutes specialized knowledge that would assist the trier of fact in determining the potential damages in this case. This is consistent with Sixth Circuit case law which has found the admission of expert testimony regarding back pay owed to an employee to be warranted. *Taylor v. Invacare Corp.*, 64 F. App'x 516, 522-23 (6th Cir. 2003).

Second, the Court rejects the defendant's claim that back pay is the only potential remedy available to the plaintiffs. The defendant is correct that an award of back pay is presumptively favored in employment discrimination cases. *See Suggs v. ServiceMaster Educ. Food Mgmt.*, 72 F.3d 1228, 1233 (6th Cir. 1996). However, the Court also has the discretion to allow an award of front pay in lieu of the preferred equitable remedy of reinstatement. *Id.* at 1234; *see also Schwartz v. Gregori*, 45 F.3d 1017, 1023 (6th Cir. 1995). According to the Sixth Circuit, "[c]ourts generally award front pay when reinstatement is inappropriate or infeasible. Thus, the remedies of reinstatement and front pay are alternative, rather than cumulative. Determination of when to award front pay is within the discretion of the trial court." *Suggs*, 72 F.3d at 1234 (internal citations omitted).

The Sixth Circuit has also said that in awarding front pay, several factors are relevant, including (1) the employee's future in the position from which he was terminated; (2) his work

2

and life expectancy; (3) his obligation to mitigate damages; (4) the availability of comparable employment opportunities and the time reasonably required to find substitute employment; (5) the discount tables to determine the present value of future damages; and (6) other factors that are pertinent in prospective damage awards. *Id.* (internal quotations omitted). The plaintiffs state, and the defendant does not dispute, that Mr. Lynch's anticipated testimony will address these factors. In particular, Mr. Lynch is expected to provide calculations to appropriately discount any awards of front pay to present value. Although the defendant accuses Mr. Lynch of making assumptions and engaging in speculation, the defendant does not precisely identify for the Court which of Mr. Lynch's opinions or calculations he finds objectionable. Therefore, the Court finds that Mr. Lynch's testimony will be helpful and relevant in the event that the Court determines that front pay would be an appropriate remedy in this case. Should the Court decide that front pay would not be an appropriate remedy, the Court will instruct the jury to disregard any of Mr. Lynch's testimony regarding front pay.

Accordingly, **IT IS HEREBY ORDERED** that the defendant's Motion *in Limine* to Exclude the Proposed Testimony of Larry Lynch (DE 113) is **DENIED**.

This the 14th day of December, 2010.

Signed By:
*Karen K. Caldwell*
United States District Judge