UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at PIKEVILLE

CIVIL ACTION NO. 08-01-KKC

PHILLIP DARRELL SPARKMAN and
RALPH DYER                                                                                              PLAINTIFFS

v.                               **MEMORANDUM OPINION AND ORDER**

RANDY THOMPSON, Individually and
in his Capacity as Judge-Executive of Knott County, Kentucky            DEFENDANTS

\*\*\* \*\*\* \*\*\* \*\*\*

On January 11, 2011, the Court directed the Defendant to proffer evidence that Plaintiff Sparkman failed to mitigate damages (DE 134). The Defendant filed his response in which he makes two arguments (DE 137).

First, the Defendant proffers evidence that Harold Mullins attempted to offer Sparkman a full-time position with the county related to roadside litter. Second, the Defendant proffers evidence that Rhett Gibson offered Sparkman a part-time, primarily weekend position at the Knott County Sportsplex. The Defendant claims that Sparkman's deposition is the source of both pieces of evidence.

Having examined the proffer, the Court finds that the Defendant has not put forth evidence that Sparkman failed to mitigate damages. The Sixth Circuit has held that

> [i]n a § 1983 case the plaintiff has a duty to mitigate damages. . . . [O]nce the plaintiff has presented evidence of damages, the defendant has the burden of establishing a failure to properly mitigate damages. To satisfy this burden the defendant must establish that substantially equivalent positions were available and that the plaintiff failed to exercise reasonable care and diligence in seeking those positions.

*Meyers v. City of Cincinnati*, 14 F.3d 1115, 1119 (6th Cir. 1994) (internal citations omitted). In elaborating on the first part of the test, the Sixth Circuit held "that the substantial equivalent of

the position from which the claimant was discriminatorily terminated must afford the claimant virtually identical promotional opportunities, compensation, job responsibilities, working conditions, and status." *Grace v. City of Detroit*, 216 F. App'x 485, 488 (6th Cir. 2007); *see also McCann Steel Co., Inc. v. NLRB*, 570 F.2d 652, 655 (6th Cir. 1978) ("'substantially equivalent employment' refers to the hours worked . . . as well as the nature of the work there.").

In this case, the Defendant's proffered evidence fails to suggest that substantially equivalent positions were available to Sparkman, a former full-time Youth Activity Director. Neither the roadside litter position or the position at the Sportsplex afforded Sparkman similar compensation, job responsibilities, working conditions, or status.

Accordingly, based on the proffer before the Court, it is **HEREBY ORDERED** that:

(1) Defendant is prohibited from introducing evidence to show Plaintiff Sparkman's alleged failure to mitigate damages.

(2) Defendant's Motion for Reconsideration (DE 138) is **DENIED** because the Defendant has presented no evidence that Plaintiff Sparkman's unemployment records show that substantially equivalent positions were available to him and thus, this evidence is not relevant to Sparkman's alleged failure to mitigate damages.

(3) Plaintiff Sparkman is cautioned, however, that if he opens the door at trial, evidence of other available employment or his receipt of unemployment benefits could become relevant notwithstanding the Court's rulings on these issues. If the Defendant believes that such evidence has become relevant, he must seek the Court's permission before presenting the evidence to the jury.

(4) Defendant's Motion to Quash Subpoenas and Motion for a Protective Order (DE 139) is **DENIED AS MOOT** because the Plaintiffs indicated at the January 18, 2011 status conference that they no longer have a need to depose either Harold Mullins or Rhett Gibson.

This the 19th day of January, 2011.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge